**VILLAGE OF DUPO, a municipal corporation of the State of Illinois, Plaintiff,**

v.

**ST. CLAIR COUNTY HOUSING AUTHORITY, a municipal corporation of the State of Illinois, and Public Housing Administration, an agency of the United States of America, Defendants.**

Civ. No. 64–163.

United States District Court
E. D. Illinois.

April 5, 1966.

Floyd E. Crowder, Columbia, Ill., for plaintiff, Village of Dupo.

Charles Whealon, East St. Louis, Ill., for defendant St. Clair County Housing Authority.

Carl W. Feickert, U. S. Atty., East St. Louis, Ill., for defendant Public Housing Administration.

JUERGENS, Chief Judge.

The Village of Dupo, a municipal corporation of the State of Illinois, filed its complaint for injunction, asking that the St. Clair County Housing Authority, a municipal corporation of the State of Illinois, and the Public Housing Administration, an agency of the United States of America, be enjoined from doing any further acts for the purpose of locating and constructing a low rent housing project in the Village of Dupo.

The cause was originally filed in the Circuit Court of St. Clair County and subsequently removed to this Court.

Both defendants have filed motion for summary judgment dismissing the complaint. These motions are for consideration.

The St. Clair County Housing Authority is a municipal corporation created for the purpose of constructing and operating low rent housing projects within its area of operation. Village of Dupo is a municipal corporation of the State of Illinois and as such is authorized to cooperate with the Housing Authority in the development, construction and operation of low rent housing projects. The Village of Dupo is within the area of operation of the St. Clair County Housing Authority. Defendant Public Housing Administration is charged with the administration of the low rent housing program established by the United States Housing Act of 1937, as amended.

It is the function of the Public Housing Authority to extend federal financial assistance to the local authorities, first by granting loans in accordance with a contract called a Preliminary Loan Contract and then by granting loans and making annual subsidies pursuant to a contract called an Annual Contributions Contract. The purpose of the work to be performed under a Preliminary Loan Contract consists of surveys and planning, architectural services and other matters of a preconstruction nature.

Before the Public Housing Administration may extend federal financial assistance to a local authority, the Act requires that certain determinations be made by local authorities and approval of the application of the local agency for preliminary loan together with other assurances.

Title 42 U.S.C.A. § 1415(7) provides in pertinent parts as follows:

"(7) In recognition that there should be local determination of the need for low-rent housing to meet needs not being adequately met by private enterprise—

"(a) The Administration shall not make any contract with a public housing agency for preliminary loans * * *, (i) unless the governing body of the locality involved has by resolution approved the application of the public housing agency for such preliminary loan; * *

"(b) The Administration shall not make any contract for loans (other than preliminary loans) or for annual contributions pursuant to this chapter with respect to any low-rent housing project * * *, (i) unless the governing body of the locality involved has entered into an agreement with the public housing agency providing for the local cooperation required by the Administration pursuant to this chapter; * * * *"

Attached as Exhibit "1" to answer and counterclaim of defendant Public Housing Administration is an extract from the minutes of a regular meeting of the members of the Board of Trustees of the Village of Dupo, Illinois, held on March 5, 1962, showing the adoption of a resolution approving application for preliminary loan for low rent public housing, which is accompanied by a certificate of the Village Clerk as to the truth and correctness of the resolution and the action of the Village Board.

Exhibit "2" to the same answer and counterclaim is a copy of the resolution authorizing the execution of the Cooperation Agreement between the St. Clair County Housing Authority and the Village of Dupo, Illinois, together with the Village Clerk's Certificate of correctness and extract from the minutes of the meeting of the Board of Trustees of the Village of Dupo, showing the adoption of the resolution by the Village Board.

Attached as Exhibit A of plaintiff's memorandum in opposition to defendants' motions appears a certified copy of the minutes of the Board of Trustees of the Village of Dupo held on the 5th day of March, 1962, as taken from the minute book for the meeting of the president and members of the Board of Trustees of the Village of Dupo. These minutes disclose that a resolution authorizing the execution of the Cooperation Agreement between the St. Clair County Housing Authority and the Village of Dupo, Illinois was passed. The minutes do not however disclose that there was passed at that meeting a resolution approving application for preliminary loan for low rent public housing. An affidavit that the resolution approving application for preliminary loan for low rent public housing was not passed by the president and members of the Board of Trustees of the Village of Dupo is attached as Exhibit B to plaintiff's memorandum in opposition to defendants' motions.

On March 17, 1964, prior to filing this suit, the Board of Trustees of the Village of Dupo, Illinois, passed a resolution whereby it purported to terminate and suspend any and all housing projects theretofore commenced or to be commenced in the Village of Dupo by the St. Clair County Housing Authority. Notice of the passage of the resolution was ultimately forwarded to the Public Housing Administration.

The pleadings and attached exhibits show that the sum of $19,530.00 has been advanced to the St. Clair County Housing Authority for use in preliminary work on the housing project.

Under the provisions of The First Independent Offices Appropriation Act of 1954, the Village of Dupo is provided a remedy which it may follow in order to obtain the relief it seeks from this Court. The Village of Dupo, being the governing body of the locality, has the authority to stop the action of the St. Clair County Housing Authority from further proceeding with the project—provided, however, that it meet certain requirements; namely, by negotiations with the Federal Government for the completion of the housing or for its abandonment, and provided that the Village agrees to repay to the Government the monies expended prior to rejection plus such amount as may be required to pay all costs and liquidate all obligations lawfully incurred by the local Housing Authority prior to the rejection.

The Village of Dupo has not agreed to repay the Government for monies expended prior to the purported rejection of the project, nor has it agreed to pay the costs and liquidate all obligations lawfully incurred by the local Housing Authority prior to the purported rejection.

The plaintiff apparently bases its action on the failure of the Village of Dupo to pass a resolution approving an application by the St. Clair County Housing Authority for preliminary loan for low rent public housing. There appears to be a conflict as to whether or not such a resolution was in fact passed by the Village of Dupo. The Village Clerk at the time of the commencement of the matters out of which this litigation arises certified that the resolution approving appli-

990

cation for preliminary loan for low rent public housing and the resolution authorizing the execution of a Cooperation Agreement by the St. Clair County Housing Authority and the Village of Dupo had been passed by the Board of Trustees. It is not contended by the Village that the latter resolution was not passed by the governing body. It is contended however that the governing body did not pass the resolution approving application for preliminary loan for low rent public housing. The certified copy of the minutes of the Board of Trustees as presented by plaintiff fails to show that such resolution was passed.

That the Village of Dupo had knowledge that the St. Clair County Housing Authority had filed an application for preliminary loan for the Village of Dupo is shown by the second paragraph of the resolution authorizing the execution of the Cooperation Agreement, which provides as follows:

"WHEREAS, the St. Clair County Housing Authority has filed an application for a Program Reservation of Low Rent Public Housing and for a Preliminary Loan for the Village of Dupo, Illinois."

The Cooperation Agreement in paragraph 9 provides in pertinent parts as follows:

"So long as any contract between the Local Authority and the PHA for loans (including preliminary loans) or annual contributions, or both, in connection with any Project remains in force and effect, * * * or any monies due to the PHA in connection with any Project remain unpaid, this Agreement shall not be abrogated, changed, or modified without the consent of the PHA. * * *"

Plaintiff is here asking this Court to grant equitable relief in the nature of an injunction, whereby it is in effect asking the Court to permit it to abrogate the provisions of a contract which it has entered into and which by the terms thereof it has agreed not to abrogate except certain conditions first be met; namely, obtaining the approval of the PHA prior to such recision.

Plaintiff points to the provisions of Title 42 U.S.C.A. § 1415(7)(a) to the effect that the Administration shall not make any contract with the public housing agency for preliminary loans unless the governing body of the locality has by resolution approved the application of the public housing agency for such preliminary loan. The statute authorizes the Administration to make loans under certain conditions. The Administration in this case acted in good faith in the belief that the required resolutions had been adopted by the local governing body as evidenced by the certified extracts from the minutes of the meeting of the Village Board and the copies of the resolution showing their execution.

■ Section 1415(7)(a) provides that certain steps be taken before the Administration shall contract for preliminary loans and is therefore a qualification of the powers granted to the Administration. The statute does not grant powers to the local governing body to withdraw from an agreement once it has been undertaken and the parties' positions have been altered thereby, such as has occurred here. The Court finds that even if it were firmly established that the Village of Dupo did not approve the application for preliminary loan, and assuming that it did not, the Village is not entitled to the relief it asks. As pointed out above, plaintiff has a remedy available to it; a remedy which is equitable to all parties.

■ The Court does not interpret the provisions of § 1415(7)(a) as being available to plaintiff as a defense or a means of voiding its contractual obligations.

■ The undisputed facts show that the plaintiff is not entitled to the relief sought, and accordingly the Court finds that summary judgment should be entered dismissing the complaint.

The above and foregoing shall be considered findings of fact and conclusions of law.

Parties to settle the order.